## Baker v. Young et al.

*A. Francis Gilbert* and *J. M. Baker,* for plaintiff.
*H. M. Showalter,* for defendants.

POTTER, P. J., May 9, 1931.—From the pleadings in this case we learn that the defendants bought a flour mill from the plaintiff, had moved onto the premises and had taken possession. The plaintiff held two notes against them, which were entered of record, on which executions were issued and

their personal property was levied upon, the personal property consisting of a quantity of grain in the mill, household goods, an automobile, a lot of chickens and other small articles. The property exclusive of the grain in the mill was claimed by the father of A. H. Young, but at the argument of this case counsel stated that this claim was not well founded, and, therefore, was abandoned. We think this a wise thing to do, as, in our judgment, it could not have been maintained. The grain in the mill is claimed by Dietrick & Gambrill, Inc., on whose claim, chiefly, these interpleader proceedings have been instituted.

On January 14, 1931, executions were issued on the judgments of the plaintiff, the writs being attested by the sheriff at 11.25 o'clock A. M. of that day, from which time they attached to the defendants' personal property in Snyder County. It seems that between 8 and 9 o'clock of the same forenoon the defendants, or rather one of them, A. H. Young, attempted to sell to Dietrick & Gambrill, Inc., their whole stock of grain in the mill in bulk for no fixed price, so they are here claiming this stock of grain on this alleged sale.

It seems that Young was in straitened financial circumstances on January 14, 1931, and for some time prior thereto. He could not pay for the mill property he bought of the plaintiff. He owed Dietrick & Gambrill, Inc., over $700. He owed a note in the Beaver Springs Bank which his endorser refused to renew for him, besides the notes of the plaintiff, that we know of. The bank note was due in a day or so, and he was expecting them to push it. He says he thought he could sell his stock of grain to Dietrick & Gambrill, Inc., apply part of it to the debt he owed them, and with the balance pay a part of the bank note, although they say that all the stock he sold them was to go as a credit on what he owed them, and that they were to pay him no money. So in the early moning of January 14, 1931, Young went to Lewisburg, saw the representative of Dietrick & Gambrill, Inc., and attempted to turn over and sell to them his grain in the mill in Spring Township without any estimate of the number of bushels nor any price agreed upon. This occurred between 8 and 9 o'clock A. M. At 11.25 o'clock of the same forenoon an execution passed into the hands of the Sheriff of Snyder County, directed against the same goods, who went onto the premises and made a levy. An hour or so after the levy was made a truck from Dietrick & Gambrill, Inc., came to the mill to remove the grain. The truck came too late. The grain was already in custodia legis.

The plaintiff claims this grain on the levy made. Dietrick & Gambrill, Inc., claim it on the alleged sale made to them.

As between Young and Dietrick & Gambrill, Inc., the sale is legal. As concerns third persons, creditors of Young, it amounts to nothing. To make this sale valid, as relates to the plaintiff, the goods would need to be moved into the possession of the purchaser before levy made. This was not done, wherein lies the vice of the transaction. As regards personal property, it is a time-worn legal principle, that where there is a change of ownership there must be a change of possession in respect to third persons.

Then again, this was a sale in bulk, and we find none of the requirements of the Bulk Sales Act observed. No notice was given other creditors as is required by the Act of May 23, 1919, P. L. 262.

Either of these two discrepancies just pointed out is fatal to the alleged sale, and both of them make it doubly so.

And now, to wit, May 9, 1931, the rule for the interpleader is discharged, the issue is refused, and the sheriff is directed to proceed with the execution. An exception is noted for the claimants and a bill is sealed.